UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00270-MR-SCR

| SHERROD DAVIDSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | ORDER |
| MECKLENBURG COUNTY SHERIFF'S DEPT., et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 10, 14].

## I. BACKGROUND

Pro se Plaintiff Sherrod Davidson ("Plaintiff") is currently detained at the Mecklenburg County Jail (the "Jail") in Charlotte, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on May 4, 2023, against Defendants Mecklenburg County Sheriff's Department and Gary McFadden, identified as the Sheriff of Mecklenburg County.[1] [Doc. 1]. He purports to sue both

---

[1] Plaintiff's Complaint was written in pencil and is very difficult to read. **Plaintiff is instructed to use pen in preparing any future submissions to the Court.**

Defendants in their individual and official capacities. [Id. at 2]. Plaintiff claims violation of his rights under the First, Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution and Article 1, Sections 1, 14 and 19, of the North Carolina Constitution. Plaintiff also claims medical malpractice, violation of Jail "S.O.P Policy," and violation of 18 U.S.C. §§ 1702 and 1703. [Id. at 2].

Plaintiff alleges as follows. He has been detained for over two years at the Jail and "has suffered from a myriad of constitutional violations." [Id. at 3]. "Medical staff" discontinued pain medication for a bullet fragment in his foot and, despite repeated requests, he has been denied a teeth cleaning. "Medical" has ignored his repeated requests to treat his high blood pressure. "Medical, Food Services, +/or the Chaplain" have ignored his repeated requests to change his diet to accommodate his soy allergy, causing him to "break[ ] out severely," become dehydrated, and suffer from panic attacks. While housed in the Disciplinary Detention Unit (DDU), he has been exposed to and forced to breath the spores from black mold "coming out of the air suction vents," causing Plaintiff breathing difficulty and headaches. Plaintiff has been denied non-religious reading materials and clean blankets and jumpsuits and given meals on unclean meal trays while in DDU. Plaintiff has not received "a visit" while in DDU, "even though visitation is approved" by

Jail Policy. Plaintiff's incoming mail has been tampered with and held longer than 30 days before given to Plaintiff. Plaintiff's outgoing mail is opened and taped shut and then deliberately delayed. Plaintiff's grievances regarding the mail have been "met with sharp denial." [Doc. 1 at 3-4]. Plaintiff fails to identify or name as Defendants any of the individuals responsible for the alleged conduct. For injuries, Plaintiff claims mental, emotional, and physical "damages." [Id. at 5]. For relief, Plaintiff seeks monetary, injunctive, and declaratory relief. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. __, 143 S.Ct. 1444 (2023). Plaintiff's Complaint fails for several reasons.

### A. Defendant Mecklenburg County Sheriff's Department and Official Capacity Claim against Defendant McFadden

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). As such, Plaintiff's claims

against the Mecklenburg County Sheriff's Department and Defendant McFadden in his official capacity are duplicative and the Sheriff's Department should be dismissed as a Defendant. Moreover, the Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38). Here, Plaintiff does not allege that any official policy was the moving force behind any constitutional injury. [See Doc. 1]. Rather, he alleges, in part, that the alleged conduct contravened Jail policy. Plaintiff, therefore, has failed to state an official capacity claim against Defendant McFadden and this claim will be dismissed.

### B. Individual Capacity Claim against Defendant McFadden

To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A supervisor can only be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between his inaction and the constitutional injury. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted). Plaintiff here alleges no personal participation by Defendant McFadden. Rather, it seems that Plaintiff's claim against him relates only to his supervisory role over unnamed Sheriff's Department employees. Plaintiff, therefore, has failed to state a claim for relief against Defendant McFadden in his individual capacity and this claim will also be dismissed.

### C. Multiple Unrelated Claims

A plaintiff may not assert unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v.

Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). "For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants." Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017). A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2). As such, even if Plaintiff had identified and named as Defendants the individuals responsible for the alleged conduct, he may not bring unrelated claims in a single action, as he does here.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim upon which relief may be granted and Plaintiff's Complaint will be dismissed without prejudice.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses and if the facts support such amendment. Any Amended Complaint will be subject to all timeliness and procedural requirements and

will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank Section 1983 form.

Signed: August 28, 2023

Martin Reidinger
Chief United States District Judge